Thank you, Your Honor. May it please the Court, my name is Kenneth White. I represent the appellant, Mr. Edward Lona. Mr. Lona is incarcerated serving a life sentence, though his family is present. Your Honors, this case involves three groups of errors, all related to the issue of witness credibility, and all taken either individually or collectively, depriving Mr. Lona of a fair trial. I'd like to first address the errors related to the exclusion of evidence concerning the informant in this case, Mr. Vasquez, who was the government's  MR. VASQUEZ The Boy Scout. MR. LONA Yes, Your Honor, the Gulf War veteran. When you look at the district court's decision to exclude Mr. Vasquez's prior conviction for drug trafficking, and the proffered evidence that he was still dealing drugs while working with the DEA, one has to look at it in context, and there are two important facets of the context. Number one is Mr. Lona's defense. Mr. Lona's defense was going to be, and was, that Mr. Vasquez planted the drugs in his parents' backyard. That's how they got there. The other important facet is Mr. Vasquez's government to elicit testimony from Mr. Vasquez that he was something of a scholar, a businessman, a Gulf War veteran, someone who turned to ridding drug dealers from his local community at the suggestion of his criminal justice professor. THE COURT Now, all that evidence came in after the district court had, if I understand correctly, had ruled on the proffered evidence. MR. LONA That's correct, Your Honor. It was raised again, but again the Court maintained its decision. THE COURT Let me ask you, when was it raised again? MR. LONA Your Honor, my memory of the record is that counsel mentioned it briefly, no more than a sentence, and the Court simply said that it would be maintaining its decision. THE COURT At what point would that happen? MR. LONA That would have been after Mr. Vasquez's direct testimony, Your Honor. I believe the government asked the Court, reminded the Court of its prior ruling, and the Court confirmed that it would continue it. Your Honor ---- THE COURT I'm sorry. You said two things now. You said the government spoke and you said defense law spoke. Which was it? Was it one or the other? MR. LONA My recollection, Your Honor, is that defense counsel spoke no more than a sentence in response to the government's argument at that point, and said in substance simply that he simply repeated his prior argument, which had been rejected by the Court. THE COURT He didn't point out the things you're pointing out now, the Boyce-Codd evidence? MR. LONA No, Your Honor. As we've conceded in our brief, he did not make the open-the-door argument, as he should have. THE COURT Counsel, one of the things that troubles me about your argument is that these convictions were over 10 years old. Aren't they excludable on that basis alone? MR. LONA Your Honor, they may be excluded, but they need not be. It is a matter within the district court's discretion, but our position is the district court under these circumstances abused that discretion. Under 609, the district court could have let that conviction in based on a finding that its probity substantially outweighed its prejudice, despite it being more than 10 years old. Under Rule 404B, the district court didn't even have to engage in that Rule 609 analysis. It could have let it in because it was direct evidence of opportunity, Mr. Vasquez's opportunity to have drugs to plant on Mr. Lona and knowledge of drug operations and how to do such things. THE COURT What do we do with the fact that the convictions were expunged? MR. LONA Your Honor, it's not relevant. We cited a case in our brief indicating that under 609, an expungement is a factor, but is not controlling. THE COURT Do we know why they were expunged? MR. LONA I don't believe that the why is in the record. It's no question, though, it was expunged. When I said irrelevant, I think now on reflection that's overstatement. It's a factor, but it is not by any means a controlling factor. The bottom line was, Your Honors, that the jury could have heard from somebody with a drug conviction and with evidence that he was still engaging in drug dealing and been presented with a question, might this person have planted drugs? Instead, they were presented with the Gulf War veteran, the businessman, the scholar, and if you presented to that jury the question, is it reasonable to think this person might have been planted drugs, it was a very, very different question. THE COURT The Rule 609 draws a line of 10 years and says certain things are not presumptively relevant. Any crime of deception, whether it be petty or grand, and any felony, but only if they are within the last 10 years. And that seems like a statutory judgment. It sort of carves out two bodies of prior conviction that are presumptively, have enough probative value to justify being introduced. And that is all crimes involving deception that are less than 10 years old or less, and all felonies that are 10 years old or less. It excludes any petty crimes within the last 10 years. It excludes any felonies or any crimes at all that are more than 10 years old, subject to an affirmative finding by the district court that they are probative after all. Isn't that the view for a beautiful discretion? And I'm just having a hard time trying to figure out how to explain that. I would explain that the district court abuses discretion here. MR. BASKES Your Honor, it's no doubt that those factors show that those are factors in favor of exclusion. Our argument is that under these circumstances, because this evidence was so central to Mr. Maloney's defense, because Mr. Vasquez's testimony, his credibility was so central, and because Mr. Vasquez, absent this evidence, was permitted to present himself as the, to use the district court's words, pure as a driven snow person, that under that group of circumstances, it was an abuse of discretion. THE COURT But the rule presupposes if you did any of these things more than 10 years ago, you are pure as a driven snow, unless the district court finds some reason to hold otherwise. And you may have committed all sorts of horrible crimes more than 10 years ago, but the statute draws a line. It says these things are not sufficiently probative to present to the jury. Their prejudicial effect outweighs any probative value. That's a policy judgment the drafters of the rule drew. MR. BASKES Your Honor. THE COURT And to overcome that, you have to present something to the district court that says, well, no, even though in most cases that's true, here's something special about this case that makes it, you know, probative anyway. MR. BASKES And our position is that is what happened. THE COURT Well, what was it you presented? MR. BASKES What was presented here was the fact that it was demonstrated to the district court the centrality of Mr. Vasquez's testimony. And the Court even said, the Court even recognized this might be an issue because the Court said that. THE COURT No, forget what the Court said. I asked you a question about what you presented. MR. BASKES What the trial counsel presented was the centrality of Mr. Vasquez's testimony. THE COURT But that does not help you in the least because it's always going to be relevant in the sense that the person wanting to impeach the witness is always going to want to bring that evidence in because it's going to help. You know, they're trying to impeach the witness. It's always going to be helpful to bring in dirt on the witness. But the statute says dirt that's more than 10 years old is not dirt at all. Now you could bring in, you could present evidence saying, well, you know, he got convicted 10 years ago of this thing, but here we're going to bring evidence that he's been hanging out with the same people and he has been, you know, arrested a number of times. Charges were dismissed on a technicality. You know, there are all sorts of things you could say. So the fact that these things happened 10 years ago is not really dispositive because this is a special case where he kept doing it and he just managed to have gotten away with the conviction. That would be the kind of thing that you could bring in to show that the 10-year throwback doesn't, shouldn't apply here. But there wasn't any evidence of that, was there? MR. BASKES There was, Your Honor, because trial counsel proffered that he had witnesses who had said that Mr. Vasquez was engaged in ongoing drug dealing activities. That created the tie to the old conviction that the Court is referring to there. In addition, and the point I want to make is that the trial court said that, well, if he opens the door, then this might be different. I think the trial court recognized that in some cases a person's testimony is so directed towards presenting themselves as pure as a driven snow that it opens that door past the permeable line of Rule 609. The other point with respect to that, Your Honor, is that there's still Rule 404B. And this evidence was still properly admitted under Rule 404B to demonstrate Mr. Vasquez's opportunity and his knowledge of drug dealing activities, both of which were necessary to explain how would a Gulf War veteran and businessman have drugs or know how to get them to plant them in Mr. Lona's yard. THE COURT I'm sorry. Was this proffered under 404B? MR. BASKES It was. The proffer was that the trial counsel did have evidence that Mr. Vasquez had access to drugs, and it showed that he had knowledge of them. THE COURT And this was relevant to? MR. BASKES It was relevant, Your Honor, because it showed that Mr. Vasquez had access to drugs, and it showed that he had knowledge. THE COURT How does 404B come in? MR. BASKES As opportunity, Your Honor. Opportunity being one of the elements of 404B. THE COURT But Vasquez is not a defendant. His opportunity to commit crimes is of no importance in this case. MR. BASKES Yes, Your Honor, but I believe the 404B... THE COURT It's all impeachment. All you can do with him is impeach him. You can't convict him. The jury can't say, you know, we find Mr. Lona not guilty, but you know that Vasquez guy who testified, he's the guilty one. We convict him. Couldn't do that, right? MR. BASKES No question, Your Honor, but 404B also serves as a reasonable guideline for when evidence regarding a witness should come in, of other acts of a witness, and that would be the framework within which this evidence should have come in. THE COURT Okay. Will we hear from the government? MR. BASKES Yes, Your Honor. MS. GOTTLIEB May it please the Court, Peggy and Ryan for the United States. First, in answer to Judge Bybee's question about whether or not there were circumstances indicating why it was expunged in 1997, at page ER 62, there is the document indicating that it was expunged because probation was terminated successfully, and it makes reference to California Penal Code 1203.4, which I believe indicates rehabilitation as a reason to have the conviction expunged. With respect to the 404B argument, defendant conceded in his opening brief at page 39 that that argument was not specifically raised in front of the district court. Instead, a number of theories were advanced in the district court in this case. THE COURT Which 404B argument? MS. GOTTLIEB I'm sorry, the defendant's 404B argument supporting his argument that the evidence regarding Mr. Vasquez should have been. THE COURT What about Mr. Vasquez? Because there's a 404B argument also involving the evidence against the defendant. MS. GOTTLIEB Yes, Your Honor. Thank you. I'd like to start with Mr. Vasquez. THE COURT That's perfectly fine. I just want to make sure we work. MS. GOTTLIEB I appreciate the clarification. The district court in this case meticulously parsed through the repeated proffers that the defendant made as to his evidence that he was trying to get in against Mr. Vasquez. And in parsing through that evidence, the district court allowed most of it. She allowed the evidence where it could be presented that the C.I. had attempted to get the defendant to deal drugs and the defendant refused, causing the C.I. to be angry. She said that was entirely permissible. However, the two particular witnesses that the defendant proffered never were called to testify. Despite the fact that they were specifically allowed, they were not called by the defendant in this case. The defendant himself testified to those facts, that he had refused to deal drugs for Mr. Vasquez, and therefore Mr. Vasquez was angry. But the other proffered evidence was never admitted because of the defendant's decisions. Additionally, the district court specifically said you can cross-examine Mr. Vasquez about any motive he would have to frame your defendant, to continue his relationship with the DEA, any hostility that he has towards Mr. Lona, you can cross-examine toward all of that. And she reminded the defendant of that, and the defendant recalled Mr. Vasquez purportedly to do just that, and never did, didn't ask any of those questions. So what the district court excluded in this case was actually quite limited. She said you can't bring in the blanket allegation that he's a known drug dealer or that he has some purported belief that his relationship with the DEA allows him to deal drugs with immunity. Those were the two things he couldn't bring in. Everything else was allowed, with the exception of the prior conviction. Well, you say that as if it doesn't mean anything, but those are pretty big things. I mean, the jury, I'm sure would have been interested in knowing that Mr. Vasquez was a criminal and that he wasn't just this great guy who does this for love of country. Your Honor. Might very well have colored their test in Mr. Vasquez's testimony. I answer that in two parts. With respect to the prior conviction. It's always best if you can leave it in one part. Well, Your Honor, there were two aspects of evidence offered here. First, the prior conviction, and second, all of the myriad of allegations about current drug dealing. And it was the government's belief, and always has been, that those were simply false allegations by the defendant to dirty up the CI. There was no adequate proffer made, nor was there any real evidence presented that the CI was currently engaged in drug dealing. You mean he wasn't previously convicted? He was previously convicted back in 1992. However, the other. That's what we're talking about. I apologize for misunderstanding. Back in 1992, he was convicted of the one drug trafficking offense. And as the court noted, that conviction was expunged in 1997 because he had been rehabilitated and had completed his probation successfully. If I were the jury, I would certainly think that maybe he had fooled the probation officer. I want to know this guy who was supposed to be such a great guy and doing this for the love of country. Really, he was a drug dealer back then. You know, the government wouldn't have fought so hard to keep it out if it thought it didn't matter. Your Honor, I think what the jury. You said, look, we'll bring it in, too. Well, let's tell the jury. Mr. Vasquez, isn't it true that in 1992, 1992. Now, that was in bold. Isn't it true that in 1992, you were a drug dealer? Yes, it was. And, Your Honor, in retrospect, perhaps that would have been the better course of action. But the standard on review here is whether or not the district court abused its discretion. But it was like hitting each other and saying it didn't matter. The fact is, if you thought it didn't matter, you would have introduced it yourself. The fact of the matter is the government wanted it out because it knew very well it would matter. And it had significant, well-founded fear in believing that the jury would view the snitch's testimony in a different light if you were presented as a great guy and a patriot and a outstanding public citizen than if it were shown that he was at one point engaged in drug dealing. Your Honor, in fairness, the C.I. in this case was not painted as the scholar and whatnot as the defense is hoping to paint the picture. He was presented as a paid government informant who received a lot of money for his participation in this case. He was also revealed that he initially forgot to tell the IRS about that money so the jury could draw the inference that perhaps he wasn't such an upstanding individual after all. And maybe they had heard that he was also done a little bit of drug dealing in the past. Perhaps they would have mistrusted his testimony altogether. I think I'm almost astonished when the government comes up here and makes these allegations that, oh, the evidence excluded, impeachment evidence excluded was not only significant when they fought tooth and nail below to keep it out. It just does not sit well. It does not enhance your credibility. I mean, the fact of the matter is you wanted the evidence out because you knew it would make a difference to the jury. Your Honor, in fairness. And the question is, is the district court abuses discretion in letting you have your way? Your Honor, the government briefed this issue before, well before trial, and the defendant did not oppose it in writing. And at the hearing regarding this exclusion, the defense offered no argument other than, well, it seems unfair that the government is taking contradictory positions. In its brief, the government sided to the rules of evidence, case law supporting the rules of evidence, and we asked the district court merely to apply those rules evenly towards the government and towards the defense. And sometimes that's also what happens is that the jury hears the defendant have prior drug dealings and not the informant. That's the net effect of all of that. That is a fact of all that, Your Honor. However, under the 609 analysis, the district court excluded both ten — both of the defendant's conviction under 609 did not come in from 1992, nor did the CIA's. Well, but it came in under 404, right? It did, Your Honor. The defendant's — it came in as substantive evidence, but was excluded as impeachment. It did. And the district court, in applying that analysis, obeyed firmly this Court's longstanding precedent that such convictions do come under 404B. I don't know who you're trying to kid. I mean, you know, it's — the net effect is the jury heard about the defendant's convictions as a drug dealer, and it didn't hear about the informant's. Maybe the district court got it right, and I think your best case is to argue lack of abuse of discretion in application of the rules of evidence. But don't come in and say this was fair or this was — you know, this was no big deal or anything like that. I mean, the district court might have been right even though a fair — there might have been a fair way of doing things. And this Court has great latitude and substantial discretion, and we seldom reverse based on — based on abuse of discretion. But you're better off arguing those rules of law rather than somehow trying to persuade us that this was no big deal. In fact, I think if you thought it was no big deal, you wouldn't have objected to including it. Certainly, Your Honor, the government was intending to keep it out for the precise reason that you noted, because any attempt to dirty up our witness is not good for our case. But as you do point out, there is a long-standing precedent for applying the rules of evidence as they're cited, and the district court, I believe, did not abuse her discretion in meticulously applying those rules of evidence to the facts of this case. With respect to whether or not any error were committed, even if the district court had abused her discretion, in light of the strength of the evidence in this case, it simply wasn't an error that would disturb the outcome of this trial. I wonder about that. I'm not at all sure. The defendant was not found with any drugs. Your Honor, the drugs were found at the defendant's house. We also had recorded conversations of the defendant discussing drug deals with the C.I. We had two intercepted calls the day after he fled the country where he warned a different drug-dealing friend of his to be aware of the informant because he had discovered that he'd been working with the Feds and that he had caused the Feds to show up at his property and search his house and to stop calling the defendant because the Feds were out there and that the Feds would be monitoring the friend's phone because Mr. Vasquez had provided the phone to the friend. We had very good recorded conversations in this case. Now, on top of that, the drugs were found at Mr. Lona's house, not in the location that his mother testified. They were thrown over the fence and, therefore, were sitting on the ground by the fence. The agents and the police found it underneath a lean-to shed on top of a washing machine. They found drugs, methamphetamine, cocaine, a scale. Inside the defendant's bedroom, they found the defendant's gym bag with his own identification in it. Inside that bag, they found another digital scale. They found bundles of money throughout the defendant's room, totaling $12,000. And the defendant's explanation for that on cross-examination. He made better tips than I did. I can tell you that. I never had $12,000 in my bedroom my whole life. So in that, the type of evidence we have here is simply not where there was. When you have a strong case like that, it's sometimes best not to fight small issues. It's only going to make things difficult and appeal. I appreciate that more now than I did then, Your Honor. But with respect to whether or not it should result in a reversal in the case, I think the longstanding precedent in this Court is that it should not. That the defendant's prior convictions were properly admitted under 404B and the one under 609. And that here, where the Court is somewhat uncomfortable with the result, the district court didn't abuse her discretion in excluding the prior convictions under Rule 609. And as 404B wasn't properly advanced in front of the district court, should look at the facts and circumstances. Thank you. Thank you, Your Honor. 45 seconds. You've got a minute. Thank you, Your Honor. Your Honor, I would like to answer a question the Court posed to me that I wasn't able to answer and to correct a misstatement I made. The question first. Your Honor asked me how is it relevant, how is Rule 404B relevant to exclusion of evidence regarding Mr. Vasquez. I was tongue-tied when you asked me that. I am no longer. Rule 404B by its text applies to evidence offered as to any person, not merely the defendant. So that's my answer to that question. In terms of the correction of my misstatement, I misspoke. I'm sorry. It still has to do with relevance of an issue at trial. It does, Your Honor. You can't bring in evidence as to a person that, for example, that they are fat or, you know, that they have a drug habit or something. Quite, Your Honor. Alcoholics or anything like that, unless it relates to a – so the fact that it relates to a person doesn't get you there. And the hook under 404B, Your Honor, as I've argued, is opportunity. The misstatement I wanted to correct, I incorrectly said that that additional colloquy about Mr. Vasquez. I think we have to understand each other. Yes, Your Honor. It is never the witness's opportunity that matters. It's only the defendant's opportunity. How does the witness's opportunity make a difference in the case? It makes a difference, Your Honor, if the defense hinges on whether or not a witness or another, even a third person, had an opportunity to do the crime of which the defendant is accused. The Rule 404B says very clearly that it relates to things are not relevant to admissible character of a person. So trying the witness in absentia, so to speak, you're saying will give you a different theory about who committed the crime. Exactly, Your Honor. And that's just the theory that the Supreme Court in Holmes said is a matter of constitutional diligence. I understand your point. I'm out of time, but I could correct my misstatement if the Court will permit me. The Court asked me when it occurred that the issue of Mr. Vasquez's conduct came up again, and the Court reaffirmed its ruling. I misspoke when I said it was after his direct testimony. It was actually directly prior to jury selection. And the cite is Excerpt to Record 110. I apologize for the mistake. Thank you. So the witness was off the stand by then? No, Your Honor. It was prior to the time the witness took the stand. It was immediately prior to jury selection. Oh, I'm sorry. Prior to jury selection and instruction. Yes, Your Honor. Thank you. So it was not renewed at the point in time when the witness gets on the stand and tells all those stories about his words and so on? Regrettably, trial counsel did not do that. Thank you, Your Honor. Was counsel required to? I beg your pardon, Your Honor? Was counsel required to renew the objection? No. It's our position that here the change in circumstances from what the Court had ruled before was so obvious, so clear, and that it required the Court to act sua sponte. And in addition to that. That's a plein air analysis. That presupposes there was a duty to object. There was no objection, but the district court should have noticed it. I had a different question in mind. Once a party objects to evidence or proffers introduction of evidence, in this case, does it need to renew that objection or proffer later on in the case in light of changed circumstances? I don't know the answer to that. I believe the answer to that is no, Your Honor. As to this issue, trial counsel did make the initial argument sufficient to trigger the abuse of discretion analysis. Thank you, Your Honor. The case is argued and submitted.
judges: Kozinski, O'scannlain, Bybee